## NORWOOD v. UNITED STATES.
### No. 8756.

Circuit Court of Appeals, Eighth Circuit.
Nov. 29, 1930.

D. W. Peters, of Jefferson City, Mo., for appellant.

William L. Vandeventer, U. S. Atty. and Harry L. Thomas and Chet A. Keyes, Asst. U. S. Attys., all of Kansas City, Mo., for appellee.

Before KENYON, BOOTH, and GARDNER, Circuit Judges.

KENYON, Circuit Judge, delivered the opinion of the court.

Defendant was convicted upon each of four counts of an information which charged in count 1 the unlawful selling of intoxicating liquor on the 5th day of October, 1928; in count 2 the unlawful selling of intoxicating liquor on October 12, 1928; in count 3 the illegal possession for beverage purposes of intoxicating liquor on October 12, 1928; in count 4 the maintenance of a common nuisance on October 1, 1928, all of these matters occurring at Jefferson City, Mo.

The court sentenced appellant for a period of six months confinement in jail on the first, second, and third counts, said sentences to run concurrently, and on the fourth count the sentence was for a period of twelve months to run concurrently with the other sentences for the six months and then to continue for another six months, and also to pay a fine of $1000.

Some errors are argued which are not properly presented under the condition of the record. We consider those properly assigned.

■ As to complaints concerning the instructions of the court and comments upon the evidence, we may say that the only exception to the instructions of the court was one "to the entire comment of the Court as to the evidence in the case." This is totally insufficient to raise any question for review.

Counts 1 and 4 require no consideration, as there was no motion to instruct a verdict thereon, and there is no assignment of error with relation thereto. There can be no question that defendant was rightfully convicted on these two counts. There was a request to instruct a verdict of not guilty on the second and third counts.

■ The only substantial error urged is the introduction of certain telephone directories of Jefferson City, Mo. These books for the years 1928 and 1929 have no bearing on count 1 or 4.

Appellant on his cross-examination was asked as to whether he was a partner with Mr. Robben, concerning whom there was considerable testimony as to his control of the place where liquor was alleged to be unlawfully sold and kept. When he testified he was not, counsel for the government proceeded to develop the fact that he had lived at Jefferson City twenty-six years; that he had a telephone, and handing him a telephone directory of Jefferson City for 1928 and one for 1929 requested him to turn to the classification "Soft Drink Parlors," and see if he could find his name there. When he said he could the following took place:

"Q. What does it say? A. 'Norwood & Robben'—

"Q. Under 'Soft Drink Parlors?' A. Yes, sir.

"Q. I'll hand you the 1929 directory and I'll ask you to look under the head 'Soft Drink Parlors' in there and ask you what you find in that book?

"Mr. Peters: I object to that and ask that it be stricken out unless it is shown that this defendant had some knowledge of the fact that name was inserted in there or authorized it.

"The Court: He can explain that.

"Mr. Peters: The defendant excepts.

"Mr. Keyes: What does that say there?

"A. 'Norwood & Robben.' "

These two telephone directories were introduced in evidence by the government over the objection of defendant, for the purpose of showing appellant's connection with Robben in operating the place in question, viz., 416 West Main street, Jefferson City, Mo. We think no proper foundation was laid for their introduction. While one would naturally assume that appellant knew all about his name appearing with Robben in the directories, such assumption would not be proper in a criminal trial, and that fact should have been shown by the government. We think there was error as to this. Was it prejudicial error? It appears from the cross-examination of defendant that Robben and he were the two men who made arrangements with the owner of the property to run a soft drink parlor at the very place stated in the directories. Appellant admitted this, but claimed he had ceased to have anything to do with the soft drink parlor prior to the time of the offenses stated in the second and third counts. On his redirect examination the following occurred:

"Q. You are not now disputing that at one time you had $75.00 invested down there?

A. I was a partner—I don't know how many months.

"Q. You were a partner? A. Yes, sir.

"Q. So the statement of 'Robben & Norwood' is a true statement? A. What book is that?

"Q. I'm now referring to the book of January, 1928. A. I have forgotten whether I was in there then or not."

It also appeared from the rebuttal evidence of the government that the books and records of the Power & Light Company supplying lights to the place at 416 West Main Street, Jefferson City, during the months of October, November, and December, 1928, stood in the name "Robben & Norwood."

In view of all this evidence we conclude that the admission of the telephone directories on cross-examination was error without prejudice under the record.

As to count 2 we are not satisfied that the evidence was sufficient to warrant a conviction, but, as far as the net result to appellant is concerned that is immaterial, as the sentence under count 2 runs concurrently with that under count 1, and a reversal therefore of count 2 works no benefit to appellant and an affirmance no injury. In view of the evidence as to a common nuisance being conducted at this place, we are satisfied that the evidence under count 3, which charged illegal possession of intoxicating liquor, was sufficient to warrant conviction. However, under the National Prohibition Act, tit. 2, § 29 (27 USCA § 46), the maximum sentence for this offense is a fine of $500. Therefore it is necessary to reverse the judgment as to this count and remand the case for a proper sentence thereon. Our conclusion is that the judgments on counts 1 and 4 should be and are affirmed; the judgment on count 2 is reversed; the judgment on count 3 is set aside, and the case remanded for proper sentence as to that count.